S. Richard FINE, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 80–2351.

United States Court of Appeals,
Seventh Circuit.

Argued April 2, 1981.

Decided May 4, 1981.

As Amended May 11, 1981.

S. Richard Fine, Chicago, Ill., for plaintiff-appellant.

Steven I. Frahm, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before SWYGERT, SPRECHER and BAUER, Circuit Judges.

SWYGERT, Circuit Judge.

At issue in this appeal is whether under section 280A of the Internal Revenue Code of 1954, as amended, 26 U.S.C. § 280A, a taxpayer who made personal use of his condominium unit for twenty days of the taxable year is entitled to take a deduction for a loss sustained from rental operations when his unit participated in a resort rental pool for 333 days but was rented to resort guests for only 149 days. We hold that section 280A bars the deduction at issue, and for a reason different from that given by the

district judge, we affirm the judgment of the district court, 493 F.Supp..540.[1]

## I

The facts, as set out by the district court, are as follows:

... [P]laintiff, S. Richard Fine, was the co-owner of a condominium unit in a Florida resort complex known as Innisbrook. Mr. Fine, in that year, became a party to a rental pool agreement with the Innisbrook resort management company, pursuant to which his unit was made available for rental to others for a period of 333 days. Under the terms of this pool agreement, the plaintiff was to be compensated to a limited extent for each day his condominium was available for rental, and in a larger amount for each day the unit was in fact rented. During the rental availability period, Mr. Fine was required to surrender his personal right of possession and access to his unit.

In 1976, the plaintiff's unit, during the period covered by the pool agreement, was rented for 149 days and remained unoccupied for [184]. Mr. Fine, in addition, occupied the unit on a personal basis, not subject to the rental pool agreement, for 20 days.

493 F.Supp. 540, 541 (N.D.Ill.1980) (footnote omitted). The rental pool agreement provided that thirty-three percent of rentals received would go to the rental pool to be "allocated among the Owners in accordance with their rental pool participation factor." [2] In addition, each owner received twenty percent of the rents Innisbrook received from renting his individual unit. Innisbrook retained the remaining forty-seven percent "for its services as manager of the rental pool, the hotel operation and for the rental pool expenses...."

As a result of the Internal Revenue Service disallowing Fine's claimed loss under section 280A of the Internal Revenue Code, a refund suit was filed by Fine to recover $1,193.00 in federal income taxes paid for the calendar year 1976. Fine contended that his unit was "rented at a fair rental" as required by 26 U.S.C. § 280A(d)(1)(B) for each of the 333 days that it participated in the pool and therefore that his twenty days of personal use did not exceed ten percent of the days the unit was rented. Alternatively he argued that his condominium was not a "dwelling unit" according to 26 U.S.C. § 280A(f)(1)(B). Cross-motions for summary judgment were filed by plaintiff Fine and the defendant United States. The district court denied Fine's motion but granted the motion of the United States. This appeal followed.

## II

There is much discussion in the briefs as to whether the "Dedication Agreement" between the plaintiff and Innisbrook created

---

1. Section 280A, 26 U.S.C. § 280A, provides in pertinent part:

    (a) General rule.—Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an electing small business corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.

    \* \* \* \* \* \*

    (d) Use as residence.—

    (1) In general.—For purposes of this section, a taxpayer uses a dwelling unit during the taxable year as a residence if he uses such unit (or portion thereof) for personal purposes for a number of days which exceeds the greater of—

    (A) 14 days, or

    (B) 10 percent of the number of days during such year for which such unit is rented at a fair rental.

    \* \* \* \* \* \*

    (f) Definitions and special rules.—

    (1) Dwelling unit defined.—For purposes of this section—

    \* \* \* \* \* \*

    (B) Exception.—The term "dwelling unit" does not include that portion of a unit which is used exclusively as a hotel, motel, inn, or similar establishment.

2. The formula for determining an individual owner's share considered the number of days his unit was in the pool and the relative value of the unit.

an agency relationship or a leasehold. The district court held that the arrangement "must, for purposes of the present matter, be treated as a lease" but went on to state that the

characterization given to the agreement is of limited importance. Rather, the fundamental question to be resolved appears instead to be whether Congress intended that the arrangement at issue falls within the restrictions of 280A.

493 F.Supp. at 542. In our view, a determination of whether there was an agency relationship or a lease is not necessary in order to decide that section 280A bars the deduction at issue here. Section 280A(d)(1)(B) provides that the deduction is not allowable if a taxpayer's personal use exceeds "10 percent of the number of days during such year for which such unit is rented at a fair rental." The word "lease" does not appear in the statute. Moreover, we do not think that how many days the plaintiff's unit was "rented at a fair rental" turns on whether the Dedication Agreement was or was not a lease. Therefore, we do not decide that issue here.

## III

The district court concluded that the unit was "rented" to Innisbrook but not at a "fair rental" for the 184 days during which it was not rented to hotel guests. The plaintiff taxpayer argues that the lower payment he received from the pool for the days the unit was not occupied by hotel guests was a fair "unoccupied" as opposed to "occupied" rental, much as a car rental fee is "fair" although depending on the amount the car is driven, the renter incurs a lesser or greater mileage charge. The district court did not agree with the plaintiff's contention. Noting that the term "fair rental" was not specifically defined in the Code, the district judge held that

absent the existence of circumstances not relevant to the present matter, [a "fair rental"] can only pertain to a rental which is sufficient to permit the taxpayer to, in time, make a taxable profit on his vacation property.

493 F.Supp. at 542. He concluded that the percentage-based "unoccupied rental fee" would never be adequate to insure an after-tax profit and accordingly found that the plaintiff had not rented his unit at a fair rental for the days during which the unit was not rented to hotel guests.[3]

We do not agree with the district judge that a "fair rental" under section 280A(d)(1)(B) "must pertain to a rental which is sufficient to permit the taxpayer to, in time, make a taxable profit on his vacation property," because in our view the legislative history of section 280A does not permit a definition based on profit. We begin our analysis, as did Congress,[4] by reference to section 183, 26 U.S.C. § 183, which was enacted prior to section 280A and remains in effect today. Section 183 provides that if an "activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section." Section 183 contains a rebuttable presumption that an activity is engaged in for profit if "the gross income derived . . . for 2 or more of the taxable years in the period of 5 consecutive taxable years which ends with the taxable year exceeds the deductions attributable to such activity (determined without regard to whether or not such activity is engaged in for profit)". Apart from that presumption, however, a determination under section 183 as to whether an activity is engaged in for profit requires a difficult decision concerning the subjective intent of the taxpayer. In enacting section 280A, Congress noted that the regulations promulgated under section 183 have been of

---

**3.** Renting the unit at a fair rental for only the 149 days the unit was occupied would not entitle the taxpayer to a deduction under section 280A, because he made personal use of the unit for twenty days which would exceed ten percent of the days it was rented at a fair rental.

**4.** See infra at 766–767.

only minimal aid in simplifying that determination in the case—like ours—of a so-called "vacation home":

> The Regulations provide a list of relevant factors which should normally be taken into account in determining whether the activity is engaged in for profit. Among other factors, the presence of personal motives must be considered, especially where there are recreational or personal elements involved. By way of illustration, the regulations provide that a taxpayer will be treated as holding a beach house primarily for personal purposes if, during a three-month season, the beach house is personally used by the taxpayer for one month and used for the production of rents for the remaining two months (Regs. § 1.183–1(d)(3)). However, except for this example, there are no definitive rules relating to how much personal use of vacation property will result in a finding that the rental activities of vacation homes are not engaged in for profit.

H.R.Rep. No. 94–658, 94th Cong., 2d Sess. 163, *reprinted in* [1976] U.S.Code Cong. & Ad.News 2897, 3057. *Accord,* S.Rep. No. 94–938, 94th Cong., 2d Sess. 151, *reprinted in* [1976] U.S.Code Cong. & Ad.News 3439, 3583. As we understand the Committee reports, section 280A was enacted to limit deductions for vacation homes solely on the basis of the amount of a taxpayer's personal use without it being necessary to consider the issue of profit:

> ... [I]t is extremely difficult under existing law to determine when an activity is engaged in for profit. The present Regulations provide that in making this determination, a number of factors should be taken into account. These factors include the presence of "personal motives," especially where there are recreational or personal elements involved. However, except for the example men-

tioned above, no objective standards are set forth in the regulations. Your committee believes that definitive rules should be provided to specify the extent to which personal use would result in the disallowance of certain deductions in excess of gross income. In a case where personal use is the controlling factor to be considered, this approach would obviate the need to require subjective determinations to be made concerning the taxpayer's motive and the primary purpose for which the vacation home is held.

\*  \*  \*  \*  \*  \*

> *The applicability of this new limitation on allowable deductions would be determined solely by reference to the taxpayer's personal use of the vacation home during his taxable year rather than as under section 183, by reference to the profits or losses during any consecutive period of taxable years or on the basis of facts and circumstances determinative of the taxpayer's objectives.*

(emphasis added) H.R.Rep. No. 94–658, 94th Cong., 2d Sess. 164–65, *reprinted in* [1976] U.S.Code Cong. & Ad.News 2897, 3058–59. *Accord,* S.Rep. No. 94–938, 94th Cong., 2d Sess. 152–53, *reprinted in* [1976] U.S.Code Cong. & Ad.News 3439, 3584–85.

The district court's definition of "fair rental" requires a finding that the taxpayer will in time make a taxable profit, which is the very type of determination that the enactment of section 280A was intended to avoid.[5] For example, the new provision was to permit a determination based solely on reference to the single taxable year. *Id.* The district judge, however, in deciding whether the taxpayer's unit was rented at a "fair rental," found it necessary to consider the taxable year and the two years subsequent. 493 F.Supp. at 543.

We are persuaded in short that section 183 and not section 280A is the applicable

---

5. We recognize, of course, that the "profit" test applied by the district court ("rental ... sufficient to permit the taxpayer to, in time, make a taxable profit") is not identical to the section 183 language limiting deductions where the activity "is not engaged in for profit."

section on the issue of profit. It is clear that where section 280A does not bar a deduction, section 183 may still apply:

> Generally, applications of section 183 of the Code would not be affected by these new provisions. Thus, if the rental of a vacation home is treated as an activity not engaged in for profit after consideration of the relevant objective standards prescribed under section 183, deductions attributable to the rental activity would be limited under that provision (sec. 183) even though the new provisions did not apply because there was little or no personal use of the vacation home.

H.R.Rep. No. 94–658, 94th Cong., 2d Sess. 165, *reprinted in* [1976] U.S.Code Cong. & Ad.News 2897, 3059. *Accord*, S.Rep. No. 94–938, 94th Cong., 2d Sess. 153, *reprinted in* [1976] U.S.Code Cong. & Ad.News 3439, 3585.

■ Although we take issue with his definition of "fair rental," we agree with the district judge's conclusion that the taxpayer's condominium was not rented at a "fair rental" for the 184 days that it participated in the rental pool but was not rented to hotel guests. The crucial fact in our view is that payments by Innisbrook to the owners participating in the rental pool were made exclusively from funds generated from the rental of their units to hotel guests. The taxpayer's unit generated a portion of that money on the 149 days it was so rented. It generated none of that money on the remaining 184 days on which it merely participated in the pool. Given the rental and other services provided by Innisbrook and the fact that the agreement between Innisbrook and the owners was negotiated at arm's length, we will assume that the sum total paid to the owners collectively probably represented a fair rental, defined as fair market value, for the use of their units by hotel guests. The issue before us, however, concerns not Innisbrook's collective rentals but the rental of one owner's unit. However the owners chose to allocate the joint funds among themselves has no bearing on

the requirement in section 280A(d)(1)(B) that a taxpayer's days of personal use of his unit be measured against the days when "such unit is rented at a fair rental." The taxpayer's unit was rented at a fair rental when it produced a fair rental, and that it failed to do when it was only participating in the pool.

> The period during which the vacation home is merely held out for rent would not be considered in determining the number of rental days for a taxable year.

H.R.Rep. No. 94–658, 94th Cong., 2d Sess. 166, *reprinted in* [1976] U.S.Code Cong. & Ad.News 2897, 3060. *Accord*, S.Rep. No. 94–938, 94th Cong., 2d Sess. 155, *reprinted in* [1976] U.S.Code Cong. & Ad.News 3439, 3587.

### IV

■ The taxpayer's argument that he is excluded from the limitation contained in section 280A(a) by the exception in 280A(f)(1)(B) for "that portion of a unit which is used exclusively as a hotel, motel, inn or similar establishment" must be rejected for the reasons well expressed by the district judge. 493 F.Supp. at 543.

The judgment appealed from is affirmed.