RICHARD A. AND MARY G. GRIGG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grigg v. Commissioner
Docket No. 13233-89
United States Tax Court
T.C. Memo 1991-392; 1991 Tax Ct. Memo LEXIS 457; 62 T.C.M. (CCH) 465; T.C.M. (RIA) 91392; August 12, 1991, Filed *457 Decision will be entered under Rule 155. J. Michael Weiss, for the petitioners. James F. Prothro, for the respondent. COHEN, Judge. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies of $ 13,151, $ 12,020, and $ 7,983 in petitioners' Federal income tax for 1985, 1986, and 1987 and additions to tax under section 6661 for 1986 and 1987. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure. After a stipulation of settled issues, the issues for decision are (1) whether petitioners are entitled to their claimed rental loss deductions and (2) whether petitioners are liable for the additions to tax. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Austin, Texas, at the time the petition in this case was filed. During the years in issue, Mr. Grigg was an attorney. In November 1984, Mr. Grigg purchased an interest in a condominium unit known as unit 217 (the unit) that was located *458 in the Sunchase Beachfront Condominiums (Sunchase) complex in South Padre Island, Texas. South Padre Island is a resort area with a large number of hotels. Petitioners had an arrangement with Sunchase under which Sunchase would rent their unit to others. The management of Sunchase sent a monthly report to petitioners regarding the rental activity of their unit and the related expenses. To make the unit more attractive for rental purposes, petitioners purchased a television, kitchen supplies and appliances, and a barbecue pit. Condominium units were given a grade by the Sunchase management, and those units with the above-described features were graded higher and rented out first. Petitioners did not earn a profit from rental of their unit. During the years in issue, petitioners or members of their family used the unit for personal purposes rent-free in excess of 14 days or in excess of 10 percent of the number of days during the year that the unit was rented at a fair rental. Petitioners or members of their family used the unit rent-free for personal purposes for 23 days in 1986 and for 17 days in 1987. Respondent determined, among other things, that petitioners were not entitled *459 to their claimed rental losses from the unit. OPINION Section 280A generally provides that a taxpayer's deductions on a dwelling unit are limited if a taxpayer's personal use of a dwelling unit exceeds the greater of 14 days or 10 percent of the number of days during the year that the unit is rented at a fair rental. Secs. 280A(a) and (d)(1). Section 280A(f)(1)(A) provides that a dwelling unit includes a condominium. Section 280A(f)(1)(B) provides that a dwelling unit does not include that portion of a unit that "is used exclusively as a hotel, motel, inn, or similar establishment." We have interpreted the term "exclusively" in section 280A(f)(1)(B) to have its ordinary and common meaning, i.e., solely. Byers v. Commissioner, 82 T.C. 919, 925 (1984). Any rent-free personal use of a unit during a taxable year precludes a conclusion that a unit was used exclusively as a hotel, motel, inn, or other similar establishment. Byers v. Commissioner, 82 T.C. at 925. Petitioners or members of their family used the unit for personal purposes rent-free during portions of all of the years in issue. Despite that use, petitioners argue that their *460 unit was a hotel within the meaning of section 280A(f)(1)(B). Respondent, relying on Byers v. Commissioner, supra, and Fine v. United States, 493 F. Supp. 540 (N.D. Ill. 1980), affd. 647 F.2d 763 (7th Cir. 1981), contends that petitioners' unit was not a hotel under section 280A(f)(1)(B) because petitioners used the unit rent-free for personal purposes during each of the years in issue. We agree with respondent. In Byers v. Commissioner, supra, the taxpayers purchased two condominium units in a complex operated by a limited partnership as a resort hotel. The taxpayers were required to become limited partners in the partnership and to make their units available to a rental pool for rental to hotel guests for the entire year except for up to 30 days of personal use rent-free. The taxpayers stipulated that their units were used for personal purposes during each of the years in issue. The taxpayers, however, argued that they came within the section 280A(f)(1)(B) exception as a hotel. We there held that the taxpayers' personal use of the units precluded a conclusion that the units were used exclusively *461 as a hotel. Petitioners contend that Byers is distinguishable from the instant case because, unlike the taxpayers in Byers, petitioners' unit was not (1) operated as a limited partnership, (2) operated under a mandatory rental agreement with an exception for 30 days of personal rent-free use, and (3) devoid of records of hotel operations. Those factual distinctions, however, are not meaningful with respect to the issue of whether petitioners' unit was a hotel within the meaning of section 280A(f)(1)(B). In that regard, the only significant fact was that, like the instant case, the taxpayers in Byers had personal rent-free use of the unit during the period in issue. In Fine v. United States, 493 F. Supp. 540 (N.D. Ill. 1980), affd. 647 F.2d 763 (7th Cir. 1981), the taxpayer was the owner of a condominium unit in a Florida resort complex. The taxpayer was a party to a rental pool agreement whereby his unit was made available for rental to others for a period of 333 days out of a year. The taxpayer occupied the unit for 20 days during 1976. The taxpayer argued that his condominium unit was encompassed by the provisions of section *462 280A(f)(1)(B). The District Court for the Northern District of Illinois rejected that argument because the resort management company had no rights with respect to the taxpayer's unit, the taxpayer used the unit for a period of 20 days for personal purposes during 1976, the taxpayer paid no rent to the resort management company, and the taxpayer had rights attendant to ownership. Those facts precluded a conclusion that the condominium unit was used exclusively as a hotel in 1976. Petitioners contend that this case is distinguishable from Fine because, in the instant case, there was no agreement to share revenues with other owners. That fact, however, was inconsequential to the resolution of the section 280A(f)(1)(B) issue in Fine. Petitioners argue that Byers and Fine should not be followed for legal, societal, and policy reasons and that exclusive use should not be the standard used under section 280A(f)(1)(B). Those arguments are unsupported and unpersuasive. Petitioners have failed adequately to distinguish their case from Byers or Fine. We conclude that petitioners' unit was not a hotel within the meaning of section 280A(f)(1)(B) and that petitioners *463 are not entitled to their claimed rental loss deductions for the years in issue. Because of our conclusion, we need not address respondent's argument that petitioners' claimed deductions are not otherwise allowable under sections 162 and 183. At the time that their returns for the years in issue were filed, Byers v. Commissioner, 82 T.C. 919 (1984), and Fine v. United States, 493 F. Supp. 540 (N.D. Ill. 1980), affd. 647 F.2d 763 (7th Cir. 1981), constituted authority that petitioners were not entitled to the deductions in issue. No authority supports their position. Petitioners have not negated the applicability of the section 6661 additions to tax for 1986 and 1987, and those additions are sustained. Due to concessions by the parties, Decision will be entered under Rule 155.